**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**THE PHELPS LAW GROUP**
Marc H. Phelps, Esq. (237036)
marc@phelpslawgroup.com
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 260-9111
Facsimile: (949) 260-4754

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**THE CARTER LAW FIRM**
Roger R. Carter, Esq. (140196)
rcarter@carterlawfirm.net
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 260-4737
Facsimile: (949) 260-4754

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**MARILYNN LOVELESS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**A1 SOLAR POWER INC.,**

Defendant.

**Case No.:** CV14-1779 FMO (DTBx)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MOTION TO STRIKE; AND, MOTION FOR A MORE DEFINITE STATEMENT**

**DATE:** December 4, 2014
**TIME:** 10:00 A.M.
**COURTROOM:** 22

**HON. FERNANDO M. OLGUIN**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........ 1

II. HISTORY OF THE TELEPHONE CONSUMER PROTECTION ACT ........ 2

III. STATEMENT OF FACTS ........ 3

IV. LEGAL STANDARDS ........ 3

A. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) ........ 3

B. MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(F) ........ 5

C. MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E) ........ 5

V. ARGUMENT ........ 5

A. PLAINTIFF ADEQUATELY PLEADS THAT DEFENDANT CONTACTED PLAINTIFF UTILIZING AN AUTOMATIC TELEPHONE DIALING SYSTEM SUBJECT TO THE TCPA ........ 6

B. PLAINTIFF HAS NOT PLEAD A "FAIL SAFE" CLASS DEFINITION ........ 12

C. PLAINTIFF IS NOT REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT ........ 14

VI. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................4, 6, 7

*Brown v. Defender Sec. Co.*,
2012 WL 5308964 (C.D. Cal. 2012) ....................4

*Conley v. Gibson*,
355 U.S. 41 (1957) ....................7

*Craigslist, Inc. v. Autoposterpro, Inc.*,
2009 WL 890896 (N.D. Cal. 2009) ....................6

*Czech v. Wall St. on Demand, Inc.*,
674 F. Supp. 1102 (D. Minn. 2009) ....................1

*Delino v. Platinum Cmty. Bank*,
628 F. Supp. 2d 1226 (S.D. Cal. 2009) ....................3

*Fernandez v. Centric*,
2013 WL 310373 (D. Nev.2013) ....................6, 14

*Genebacher v. CenturyTel Fiber Co. II.*,
2013 WL 195466 ....................12

*Gragg v. Orange Cab Co., Inc.*,
2013 WL 195466 ....................12

*Gregory Village Partners v. Chevron, USA*,
805 F. Supp. 2d 888 (2011) ....................6

*Hall v. Santa Barbara*,
833 F.2d 1270 (9th Cir. 1990) ....................4

*Hernandez v. Collection Bureau of America, LTD.*,
SACV13-1626 CJC (DFMx) ....................3

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Hickey v. Voxernet LLC*,
2012 U.S. LEXIS 125473 ........ 8, 12

*Hovespian v. Apple Inc.*,
2009 WL 5069144 (N.D. Cal. 2009) ........ 5

*In re Jiffy Lube Int'l, Inc., Text Spam Litig.*,
847 F. Supp. 2d 1253 (2012) ........ passim

*In re Wal-Mart Stores, Inc., Wage & Hour Litig.*,
505 F. Supp. 609 (N.D. Cal. 2012) ........ 5

*Johansen v. Vivant, Inc.*,
2012 U.S. Dist. LEXIS 178558 ........ 9

*Kazemi v. Payless Shoesource, Inc.*,
2010 WL 963225 ........ 10

*Lee v. Stonebridge Life Ins. Co.*,
2013 U.S. Dist. LEXIS 19774 ........ 10

*Lozano v. Twentieth Century Fox Firm Corp.*,
702 F. Supp. 2d 999 (2010) ........ 9, 10

*Khorrami v. Lexmark Intern., Inc.*,
2007 WL 8031909 (C.D. Cal. 2007) ........ 5

*Knutson v. Reply!, Inc.*,
2011 WL 291076 ........ 11

*Kramer v. Autobytel, Inc.*,
759 F. Supp. 2d 1165 (2010) ........ 9, 10

*Kristensen v. Credit Payment Services, Inc.*,
2013 WL 686492 ........ 10

*McDougal v. City of Imperial*,
942 F.2d 668 (9th Cir. 1991) ........ 4

*Mims v. Arrow Fin. Servs. LLC*,
132 S. Ct. 740 (U.S. 2012) ....................1

*Nelson v. Santander Consumer United States*,
2013 U.S. Dist. LEXIS 4799 ....................8

*Parks Sch. Of Bus., Inc. v. Symington*,
51 F.3d 1480 (9th Cir. 1995) ....................4

*Puttner v. Debt Consultants of Am.*,
2009 U.S. Dist. LEXIS 48163 (S.D. Cal. 2009) ....................4

*N.L. Indus., Inc. v. Kaplan*,
792 F.2d 896 (9th Cir. 1986) ....................4

*Reyes v. Saxon Mortg. Servs.*,
2009 U.S. Dist. LEXIS 125235 ....................9, 10

*Roberts v. Wyndham Intern., Inc.*,
2012 WL 6001459 (N.D. Cal. 2012) ....................5

*Robinson v. Midland Funding, LLC*,
2011 WL 1434919 ....................9, 10

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009) ....................2, 8

*Scheuer v. Rhodes*,
416 U.S. 232 (1974) ....................4

*Simpson v. Ramada Worldwide*,
2012 WL 5988644 (N.D. Cal. 2012) ....................5

*United States v. City of Redwood*,
640 F.2d 963 (9th Cir. 1981) ....................4

*Velasquez v. HSBC Financial Corp.*,
2009 WL 112929 (N.D. Cal. 2009) ....................4

*Weber v. Dep't of Veterans Affairs*,
521 F.3d 1061 (9th Cir. 2008) ....................4

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## I. INTRODUCTION

The U.S. Supreme Court has noted that consumers are outraged over the proliferation of automated telephone calls that are intrusive, nuisance calls, found to be an invasion of privacy by Congress. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740, 745 (U.S. 2012); *see also Czech v. Wall St. on Demand, Inc.*, 674 F. Supp. 2d 1102, 1106 (D. Minn. 2009) ("this Court does not disagree that unwanted text messages, like spam e-mail, are an annoyance").

First, Defendant A1 SOLAR POWER, INC.'s ("Defendant") Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) identifies no basis to justify dismissal of Plaintiff MARILYNN LOVELESS' ("Plaintiff") claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). The sole foundation of Defendant's Motion to Dismiss is that Plaintiff has failed to adequately allege Defendant utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(b)(1)(A) [Defendant's Motion, 8:11-12]. In making this argument, Defendant ignores the overwhelming body of authority that directly contradicts Defendant's argument, including recent decisions from the Central District of California. For the reasons discussed herein, Plaintiff requests this Court to deny Defendant's Motion to Dismiss.

Defendant also prematurely moves to strike Plaintiff's class allegations erroneously claiming that Plaintiff's class definition is a "failsafe" class definition. [Defendant's Motion, 11:14-16]. Defendant's argument in this regard merely establishes that Defendant has misinterpreted what constitutes a fail safe class definition. Here, unlike in the authority relied upon by Defendant, Plaintiff's class definition does not require this Court to determine the merits of Plaintiff's claim. In fact, Plaintiff's class definition was specifically crafted such that membership in this class can be readily determined by objective criteria. Thus, Defendant's Motion to Strike should also be denied.

///

Finally, Defendant's request for a more definite statement is equally flawed. As discussed throughout Defendant's Motion, this is no ambiguity regarding the nature of Plaintiff's action. In fact, it is apparent that Defendant is fully aware of all material facts that comprise Plaintiff's TCPA class action and no further allegations are required. Thus, Defendant's Motion For a More Definite Statement should also be denied.[1]

## II. HISTORY OF THE TELEPHONE CONSUMER PROTECTION ACT

Congress enacted the TCPA in 1991 amidst an unprecedented increase in the volume of telemarketing calls to consumers in America; the TCPA combats the threat to privacy[2] being caused by the automated marketing practices, stating:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without prior express consent of the called party, unless the call is initiate for emergency purposes or is exempted by rule or order by the Commission…

*See* 47 U.S.C. § 227(b)(1)(B).

The TCPA's prohibition at issue requires the calls to be made with ATDS, which Congress defines as "equipment which has the *capacity* (A) to store or

---

[1] Defendant's Motion also violates ¶ IV(A)(6) of this Court's Initial Standing Order by failing to include a Proposed Order.

[2] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'"). The Federal Communications Commission ("FCC") confirmed in 2003 that "telemarketing calls are even more of an invasion of privacy than they were in 1991," and "we believe that the record demonstrates that telemarketing calls are a substantial invasion of residential privacy, and regulations that address this problem serve a substantial government interest." *Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003), F.C.C. Comm'n Order No. 03-153, modified by 18 F.C.C.R. 16972.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added). However, the FCC has expanded this definition to account for technological advances pertaining to dialers. [*See* the Honorable Cormac J. Carney's Order Denying Defendant's Motion for Summary Judgment in *Hernandez v. Collection Bureau of America, LTD.*, SACV13-1626 CJC (DFMx) (C.D. Cal. April 16, 2014) attached as Exhibit A to Plaintiff's Request for Judicial Notice]. The TCPA sets statutory damages at $500 per negligent violation. *See* 47 U.S.C. § 227(b)(3)(B).

## III. STATEMENT OF FACTS

Plaintiff alleges that "[b]eginning in May 2014, Defendant contacted Plaintiff on Plaintiff's residential telephone number, in an effort to solicit Plaintiff's business." [Complaint, ¶ 4]. In so doing, Defendant placed more than one unsolicited advertisement to Plaintiff. [*Id.* at ¶ 5]. To place said calls, Defendant utilized an "automatic telephone dialing system" that utilized "artificial or prerecorded voices." [*Id.* at ¶ 6]. On certain calls, Plaintiff was greeted by "dead air" prior to Defendant's representative joining the calls to Plaintiff. [*Id.*]. Plaintiff has never been in an established business relationship with Defendant nor has Plaintiff ever sought Defendant's services at any point in the past. [*Id.* at ¶ 11]. Thus, Defendant has violated the TCPA. [*Id.* at ¶ 12].

## IV. LEGAL STANDARDS

Defendant has combined three separate Motions in a single Motion; namely, (A) a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6); (B) a Motion to Strike pursuant to Fed. R. Civ. P. 12(f); and, (C) a Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). Thus, each standard will be discussed separately.

### A. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

"A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint." *Delino*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1230 (S.D. Cal. 2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). To survive a motion to dismiss, a plaintiff need only allege facts that are enough to raise his or her right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (S. Ct. 2007).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and not simply conceivable. *Id.* at 1974; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). The court looks not at whether the plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). A complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Puttner v. Debt Consultants of Am.,* 2009 U.S. Dist. LEXIS 48163 *8 (S.D. Cal. June 4, 2009). On a Rule 12(b)(6) motion, the court does not "[r]equire heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. In the Ninth Circuit, the Rule 12(b)(6) motion is viewed with disfavor and is rarely granted. *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270,1274 (9th Cir. 1986)).

"For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." *Brown v. Defender Sec. Co.,* 2012 WL 5308964 *2 (C.D. Cal. Oct. 22, 2012) (citing *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981). As a general rule, leave to amend a complaint, which has been dismissed, should be freely granted. Fed. R. Civ. P.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

15(a). Because Plaintiff's Complaint properly and adequately states a claim for relief for violations of the TCPA, Defendant's Motion to Dismiss pursuant to 12(b)(6) should be denied.

**B. MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(F)**

Pursuant to Rule 23(d)(1)(D), a court may "strike allegations if the complaint plainly reflects that a class action cannot be maintained." *Simpson v. Ramada Worldwide,* 2012 WL 5988644, *2 (N.D. Cal. Nov. 29, 2012) (citing *Hovsepian v. Apple Inc.,* 2009 WL 5069144, *2 (N.D. Cal. Dec. 17, 2009)). The court must view the pleadings in the light most favorable to the non-moving party, and "motions should only be granted when the complaint has obvious defects that cannot be cured through the class discovery and class certification process." *Id.* (citing *In re Wal-Mart Stores, Inc., Wage & Hour Litig.,* 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)); *see also Roberts v. Wyndham Intern., Inc.,* 2012 WL 6001459, *3 (N.D. Cal. Nov. 30, 2012). "Dismissing class allegations in the pleading stage, however, is rare because the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case." *Iniguez v. The CBE Group,* -- F. Supp. 2d. --, 2013 WL 4780785, *6 (S.D. Cal. Sept. 5, 2013) (citing *In re Wal-Mart, 505* F. Supp. 2d at 615-16).

Moreover, "motions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Lyons v. Coxcom, Inc.,* 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (citing *Thorpe v. Abbott Lab., Inc.,* 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). "Because striking [class allegations] is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Intern. Inc.,* 2007 WL 8031909, *2 (C.D. Cal. 2007). Thus, Plaintiff requests this Court deny Defendant's Motion to Strike.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### C. MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

Federal Rule of Civil Procedure 12(e) provides for a more definite statement only where a pleading "is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Given the liberal pleading standards applicable under the federal rules (*see* Fed. R. Civ. P. 8), "Rule 12(e) motions are viewed with disfavor and are rarely granted." *Valasquez v. HSBC Finance Corp.*, 2009 WL 112929, at *1 (N.D. Cal. 2009). Even when properly asserted, "[a] motion for more definite statement attacks intelligibility, not simply lack of detail." *Gregory Village Partners v. Chevron, USA*, 805 F. Supp. 2d 888 (2011). Said Motion will be granted "only if the [challenged pleading] is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the [pleading] is so vague that the defendant cannot begin to frame a response." *Craigslist, Inc. v. Autoposterpro, Inc.*, 2009 WL 890896, at *4 (N.D. Cal. 2009). Reciprocally, where a pleading "is specific enough to apprise the responding party of the substance of the claim or defense being asserted or where the detail sought is otherwise obtainable through discovery, a motion for more definite statement should be denied." *Fernandez v. Centric*, 2013 WL 310373, at *2 (D. Nev. 2013).

## V. <u>ARGUMENT</u>

Defendant's Motion ignores substantial authority, including authority from this very Court, in an attempt to dismiss Plaintiff's Complaint. After review of this authority, it is apparent that Plaintiff's Complaint adequately pleads that Defendant contacted Plaintiff utilizing an automatic telephone dialing system; that Plaintiff's Complaint does not allege a fail safe class definition; and, a more definite statement from Plaintiff is not required. Thus, Defendant's Motion should be denied in its entirety.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### A. PLAINTIFF ADEQUATELY PLEADS THAT DEFENDANT CONTACTED PLAINTIFF UTILIZING AN AUTOMATIC TELEPHONE DIALING SYSTEM.

In order to survive a 12(b)(6) motion, a complaint only needs "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (U.S. 2007). "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the illegality claimed in the complaint. *Id.* at 545. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-64. To survive a 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1256 (S.D. Cal. 2012) (citing, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 545 (citing, *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A "judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Id.* at 572.

With these principles in mind, Plaintiff addresses Defendant's allegations that Plaintiff's claim is nothing more than the conclusory allegation that Defendant used an automatic telephone dialing system. [Defendant's Motion, 8:11-12]. However, review of Plaintiff's Complaint and relevant authority contradict Defendant's assertions.

///

Section "47 U.S.C. § 227 generally prohibits using an auto-dialer…" *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012). It is clear Plaintiff has sufficiently alleged the use of an ATDS to initiate the telephone calls at issue here. In Defendant's Motion, Defendant conveniently ignores Plaintiff's allegations that Plaintiff received telephonic communications from Defendant to Plaintiff's residential telephone line. [Complaint, ¶ 5]. The purpose of said telephone calls initiated by Defendant was to solicit Plaintiff's business. [*Id.* at ¶ 4]. In making these calls, "Defendant utilized an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. §227(a)(1) using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C.§ 227(b)(1)(A)." [*Id.* at ¶ 6]. Plaintiff also alleges that "[t]his ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator" [*Id.* at ¶ 6], and that on some occasions Plaintiff was greeted by "dead air" prior to Defendant's representative joining the calls to Plaintiff. [*Id.*].

An "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) means equipment which has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers (emphasis added). The Ninth Circuit in *Satterfield* has confirmed that the equipment used need only have the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator," not that the calls must actually be sequentially or randomly dialed. *Satterfield*, 569 F.3d at 951.[3] "The Ninth Circuit has also confirmed that the statute creates liability based solely on a machine's capacity rather than on whether the capacity is utilized." *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1261 (S.D. Cal. 2012); *see also*

---

[3] *See Hickey v. Voxernet LLC*, 2012 U.S. Dist. LEXIS 125473, *7-8 (W.D. Wash. Aug. 13, 2012) (plaintiff made a plausible claim under the TCPA…to allow for discovery of further evidence related to [defendant's] ATDS functionality," since "[p]aintiff's allegation regarding the generic content and automatic generation of the [text] message is sufficient to infer the use of an ATDS.").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Nelson v. Santander Consumer United States*, 2013 U.S. Dist. LEXIS 40799, *27 (W.D. Wisc.) ("the question is not how the defendant made a particular call, but whether the system it used had the 'capacity' to make automated calls").

Therefore, Defendant is wrong to assert that Plaintiff has merely recited the statutory definition of an ATDS. [Defendant's Motion, 8:6-9]. Furthermore, "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned." *Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, *11 (N.D. Ill. Dec. 18, 2012).

> [B]ut because whether a defendant used an ATDS is often a fact exclusively within the defendant's possession, the Court cannot expect that the plaintiff will be able to plead the existence of the system with specificity before an opportunity for discovery.

*See* the Honorable James V. Selna's Order Denying Defendant's Motion to Dismiss in *Hejazi v. HBN Media Inc.*, SACV14-1105 JVS (RNBx) (C.D. Cal. October 20, 2014) attached as Exhibit B to Plaintiff's Request for Judicial Notice.

A number of cases from California District Courts support the sufficiency of Plaintiff's allegations that an ATDS was used. *See e.g.*, *In re Jiffy Lube Intern., Inc., Text Spam Litigation* (S.D. Cal., Mar. 9, 2012, 11-MD-2261-JM-JMA) 2012 WL 762888 (complaint alleged text messages were sent via SMS short code using a machine with capacity to store or produce random telephone numbers); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) (complaint included allegation that the messages were advertisements sent via SMS short code in an impersonal manner without any other reason for contact).[4] As is true with these cases, Plaintiff supports Plaintiff's allegations that Defendants used an ATDS with all known specific facts regarding the message and the equipment used to

[4] *See also Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010) (alleged calls were made using a machine with capacity store or produce random phone numbers).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

transmit it.

Plaintiff's allegations of Defendant's use of an ATDS are substantially similar to the allegations in several other cases where courts have denied a defendant's 12(b)(6) motion to dismiss on this very issue. *See Robinson v. Midland Funding, LLC*, 10-CV-2261-MMA (AJB), 2011 WL 1434919 (S.D. Cal., Apr. 13, 2011) (complaint included allegation that calls were made to the plaintiff's cellular telephone via ATDS using artificial or prerecorded voice, resulting in a charge to plaintiff for the calls); *Reyes v. Saxon Mortg. Servs.*, 2009 U.S. Dist. LEXIS 125235, *10 (S.D. Cal. Nov. 5, 2009) (complaint alleged defendant made frequent calls to the plaintiff's cell phone using an ATDS employing an artificial or prerecorded voice, resulting in a charge to plaintiff for the calls); *see also Kristensen v. Credit Payment Services, Inc.*, Case No. 12-CV-00528-KLD-PAL, 2013 WL 686492, *2 (D. Nev.) ("Here, Plaintiff has alleged that Defendant, or its agents, made text message calls using an automatic telephone dialing system to a cellular telephone number. Those facts are enough to make a short and plain statement showing that Plaintiff is entitled to relief). The Northern District recently explained that whether an ATDS was used "should be addressed largely through merits-based discovery into defendants' records." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *10 (N.D. Cal. 2013).

Like in *Robinson* and *Reyes*, Plaintiff here alleges that Defendant made a call to Plaintiff's telephone using an "ATDS," and incurred a "charge" for this telephone call. [Complaint, ¶¶ 4; and, 10]. Precisely like the plaintiffs in *Kramer, Kazemi, Lee* and *Lozano*, Plaintiff supports Plaintiff's allegations that Defendant used an ATDS with *all known specific facts* regarding the call and equipment used to transmit it. Moreover, Plaintiff also alleges that no pre-existing relationship exists between the parties indicating some probability that the calls were placed randomly. *See Vaccaro v. CVS Pharm., Inc.*, 2013 U.S. LEXIS 999991; 2013 WL 3776927 (S.D. Cal. 2013). Plaintiff's Complaint not only alleges facts as to each

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

required element of a TCPA violation, it provides ample factual context to give Defendant fair notice of the basis of Plaintiff's claims, including that Plaintiff received multiple telephone calls from Defendant, the period in which Plaintiff received the calls, and the purpose of Defendant's calls to Plaintiff. "Courts recognize that plaintiffs alleging the use of an ATDS 'are generally required to rely on indirect allegations…to raise an inference that an [ATDS] was used." *See* the Honorable Stephen V. Wilson's Order Denying Motion to Dismiss; and, Motion to Strike in *Inalou v. Contextlogic, Inc.*, CV14-2869 SVW (SHx) (C.D. Cal. October 6, 2014) attached as Exhibit C to Plaintiff's Request for Judicial Notice. Here, Defendant's Motion should be denied since Plaintiff relied on such reasonable inferences.

Moreover, in *Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1259 (S.D. Cal. 2012), the defendant "assert[ed] that [p]laintiffs can only plead use of an auto-dialer on information and belief if the complaint alleges (1) the text message was sent by a specific SMS short code; and (2) the content of the message was impersonal, citing *Knutson v. Reply!, Inc.*, 2011 U.S. Dist. LEXIS 7887, 2011 WL 291076 (S.D. Cal. 2011)." In disagreeing with this contention, the *Jiffy Lube Court* explained, "First, *Knutson* is not binding, and it did not specifically hold that these two pieces of information were necessary…" *In re Jiffy Lube Int'l, Inc.*, *supra*, at 1260 (S.D. Cal. 2012). The *Jiffy Lube Court* then held that allegations similar to Plaintiff's regarding use of ATDS were sufficient to state a claim:

> Plaintiffs have also sufficiently alleged that the messages came from an ATDS. It is true that in many TCPA cases cited by Heartland there seems to have been no pre-existing relationship between the parties, indicating some probability that messages were sent randomly. However, that does not establish that the absence of a relationship is necessary for Plaintiffs to successfully allege that an ATDS was used. Plaintiffs have stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers. While

> additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage. It is possible that further litigation will determine that no ATDS was used, but the complaint has pleaded enough facts to raise a right to relief above the speculative level.

*Id.*

Finally, the Honorable Irma E. Gonzalez's May 22, 2013 Order in the case of *Bryan Robbins and Marvin Feiges, individually and on behalf of all other similarly situated v. The Coca-Cola Company*, Court Case No.: 13-cv-132-IEG (NLS), provides further authority that Plaintiff's allegations comply with the pleading requirements. In denying Coca-Cola's Motion to Dismiss and alternative Motion for a More Definite Statement, Judge Gonzalez explained that

> Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more.

*See Gragg v. Orange Cab Co., Inc.*, 2013 WL 195466, at *2 n.3 (W.D. Wash. Jan. 17, 2013).[5]

Here, rejecting Plaintiff's Complaint for lack of pleading the specific type of automated dialing technology used would be to require a heightened pleading standard and serve no other purpose than to delay the progress of this litigation. Plaintiff should be provided the opportunity during discovery to determine the specifics regarding the ATDS technology employed by Defendant in this instance, particularly when all the technical specifications of the equipment used are within the exclusive knowledge of the Defendant.[6] As such, Plaintiff's "allegations,

[5] See also *Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1130 (W.D. Wash. Aug. 13, 2012) ("allegation[s] regarding the generic content and automatic generation of the message [are] sufficient to infer the use of an ATDS.").

[6] *See* 2003 FCC Order 2003 WL 21517853 at *46 (Confirming that the ATDS requirement was to be interpreted broadly to apply to a wide spectrum of evolving technologies, including technology that is used to dial "lists" or "databases" of numbers, since such technology has the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

though indirect, suffice to plead the use of an ATDS in connection with [Plaintiff's] TCPA claims." [Judge Gonzalez's Order, Dkt. No. 18, 5:1-2]. Thus, Defendant's Motion should be denied.

**B. PLAINTIFF HAS NOT PLEAD A "FAIL SAFE" CLASS DEFINITION.**

Defendant also moves to strike the class allegations from Plaintiff's Complaint asserting that Plaintiff has utilized a "failsafe" class definition. [Defendant's Motion, 11:17-23]. "A fail-safe class is 'when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.'" *See Olney v. Job.com, Inc.*, 2013 U.S. Dist. LEXIS 141339, at *32, 2013 WL 5476813 (E.D. Cal. 2013) quoting *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010).

> When the class is so defined, once it is determined that a person, who is a possible class member, cannot prevail against the defendant, that member drops out of the class. That is palpably unfair to the defendant, and is also unmanageable…

*Olney* at 2013 U.S. Dist. LEXIS 141339, at *32-33 citing to *Genebacher v. CenturyTel Fiber Co. II*, 244 F.R.D. 485, 488 (C.D. Ill. 2007).

However, it is not necessary to deny certification simply because the initial proposed class is a fail-safe class pursuant to Ninth Circuit authority. *See In re Autozone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012).

In the context of the TCPA, a fail-safe class definition would include Defendant's affirmative defense of prior express consent. *Olney* at 2013 U.S. Dist. LEXIS 141339, at *33. On the other hand, a class definition lacking reference to prior express consent, could not "even arguably cause a 'fail-safe' problem." *Id.* at *34. Here, Plaintiff seeks to a represent a class comprised of

> all persons within the United States who received any telephone call from Defendant or their agent/s and/or employee/s to said person's residential telephone made through the use of any automatic telephone dialing system or with an artificial or

---

basic functional "capacity to dial numbers without human intervention.")

> prerecorded voice, which call was not made for emergency purposes within the four years prior to the filing of this Complaint.

*See* Plaintiff's Complaint, ¶ 14.

As in *Olney*, "membership in this class can be readily determined by objective criteria." *Olney* at 2013 U.S. Dist. LEXIS 141339, at *34. Plaintiff's class definition does not include the merits question of prior express consent like the authority relied upon by Defendant. As such, Plaintiff's class definition is not a "fail-safe" class; thus, Defendant's Motion should be denied.

### C. Plaintiff Is Not Required To Provide A More Definite Statement.

As an alternative argument, Defendant requests a more definite statement due to Defendant's erroneous position that Plaintiff's ATDS allegations are insufficient and that Plaintiff alleged a fail-safe class. Here, Plaintiff's Complaint is specific enough to apprise Defendant of the substance of Plaintiff's claim. *Fernandez*, 2013 WL 310373, at *2. Moreover, Defendant's present, cogent Motion belies any suggestion that Plaintiff's Complaint is too vague to frame a response. Thus, Defendant's Motion should be denied.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion. Should the Court grant Defendant's Motion to Dismiss, in whole or in part, Plaintiff respectfully requests leave to amend Plaintiff's Complaint of any deficiencies.

Dated: November 13, 2014

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626