David R. Socher (Bar No. 158023)
DAVID R. SOCHER ATTORNEY AT LAW, PC
3443 Golden Gate Way, Suite F
Lafayette, California  94549
Telephone: (925) 962-9191
Facsimile: (925) 962-9199
Email: david@drsocher.com

Attorney for Defendant, A1 SOLAR POWER, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYNN LOVELESS, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>A1 SOLAR POWER, INC.,<br><br>Defendant. | Case No. 5:14-cv-01779 FMO (DTBx)<br><br>**DEFENDANT A1 SOLAR POWER, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(b)(6)), MOTION TO STRIKE (FED. R. CIV. P. 12(f)) AND FOR A MORE DEFINITE STATEMENT (FED. R. CIV. P. 12(e)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           February 5, 2015<br>Time:          10:00 a.m.<br>Dept.:          22<br>Judge:         Hon. F.M. Olgiun,<br>Complaint Filed:  Aug. 28, 2014<br>Trial Date:    December 8, 2015 |

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT………..…………………….…………….2

II. BACKGROUND FACTS …………………………………………………5

III. LEGAL STANDARDS …………………………………………………….5

   A. Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)……………………………………………………………….5

   B. Standard on a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ………. 6

   C. Standard on a Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).................................................................................6

IV. PLAINTIFF'S COMPLAINT FAILS TO PLEAD A CAUSE OF ACTION UNDER THE TCPA.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   A. Plaintiff Failed to Plead Sufficient Facts Regarding A1 Solar Power's Alleged Use of an ATDS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V. PLAINTIFF'S CLASS DEFINITION MUST BE STRICKEN BECAUSE IT IS AN IMPROPER FAILSAFE CLASS.. . . . . . . . . . . . . . . . . . . . . . . . . .11

VI. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF HER CLAIMS………13

VII. CONCLUSION……………………………………………………………...14

**TABLE OF AUTHORITIES**

**FEDERAL STATUTES**

47 U.S.C. § 227. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 9, 14, 15

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 13

Fed. R. Civ. P. 23. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

**FEDERAL CASES**

Ashcroft v. Iqbal, 556 U.S. 662. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

Bell Atlantic Corporation v. Twombly, 550 U.S. 544 . . . . . . . . . . . . . . . . . 4, 5, 8, 10

Dominguez v. Yahoo!, Inc., 2014 U.S. Dist. WL 1096051 . . . . . . . . . . . . . . . . . . . 8

Emanuel v. L.A. Lakers, Inc., 2013 U.S. Dist. WL 1719035. . . . . . . . . . . . . . . . . . 7

Fantasy, Incorporated v. Fogerty, 984 F.2d 1524. . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fogerty v. Fantasy, Incorporated, 510 U.S. 517. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Freidman v. Massage Envy Franchising, LLC, 2013 U.S. Dist. WL 3026641 . . 9, 10

G.M. Sign, Incorporated v. Franklin Bank, SSB, 2007 U.S. Dist. LEXIS 91512 . . 12

John v. National Sec. Fire and Casualty Company, 501 F.3d 443. . . . . . . . . . . . . 14

Kamar v. RadioShack Corp., 375 Fed. App'x 734 . . . . . . . . . . . . . . . . . . . . . . . 11

Kamm v. Cal. City Development Company, 509 F.2d 205 . . . . . . . . . . . . . . . . . . 14

Knievel v. ESPN, 393 F.3d 1068 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Knutson v. Reply!, Inc., 2011 U.S. Dist. WL 291076 . . . . . . . . . . . . . . . . . . . . . . . 8

Lasky v. Camden Cnty., 2010 U.S. Dist. WL 323220. . . . . . . . . . . . . . . . 7, 13, 14

Lindsay Transmission, LLC v. Office Depot, Incorporated, 2013 U.S. Dist. LEXIS
9554 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036 . . . . . . . . . . . . . . . . . . 7

Pugliese v. Prof'l Recovery Serv., Inc., 2010 U.S. Dist. LEXIS 64111. . . . . . . . . . 7

Randleman v. Fidelity National Title Insurance Company, 646 F.3d 347 . . . . . . . 12

Sanders v. Apple Incorporated, 672 F. Supp. 2d 978 . . . . . . . . . . . . . . . . . . . . . . . 6

Sauter v. CVS Pharmacy, Inc., 2014 U.S. Dist. WL 1814076. . . . . . . . . . . . . . . . 12

Stonecrafters, Incorporated v. Foxfire Printing and Packaging, Incorporated, 633 F.
Supp. 2d 610………………………………………………………………………. 10

Velasquez v. HSBC Fin. Corp., 2009 U.S. Dist. WL 112919. . . . . . . . . . . . . . . . .11

Whittlestone, Investment v. Handi-Craft Company, 618 F.3d 970 . . . . . . . . . . . . 11

Xavier v. Belfor Grp. USA, Incorporated, 254 F.R.D. 281 . . . . . . . . . . . . . . . . . . 14

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

Declaration of David R. Socher re Motion to
Dismiss First Amended Complaint

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant A1 SOLAR POWER, INC. ("A1 Solar Power") moves the Court for an Order dismissing Plaintiff MARILYNN LOVELESS' ("Loveless") First Amended Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act "TCPA"), 47 U.S.C. § 227 et seq. (the "Complaint") for failure to state a claim upon which relief may be granted.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant A1 SOLAR POWER, INC. further moves the Court for an Order striking Plaintiff's class definition from the First Amended Complaint.

In the alternative, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant A1 SOLAR POWER, INC. further moves the Court for an Order compelling Plaintiff to amend the First Amended Complaint and provide a more definite statement of the facts upon which her claims under (1) Negligent Violations of the Telephone Consumers Protection Act, 47 U.S.C. § 277 et seq. and (2) Knowing and/or Willful Violations of the Telephone Consumers Protection Act, 47 U.S.C. § 277 et seq. are based.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place telephonically on December 29, 2014. In compliance with the Court's Order dated December 1, 2014, the Declaration of David R. Socher filed herewith sets forth that the L.R. 7-3 conference of counsel lasted approximately ten (10) minutes , as well as the position of each attorney with respect to each disputed issue that is the subject of this motion.

## I.   PRELIMINARY STATEMENT

On December 1, 2014 the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint. In granting Defendant's Motion to Dismiss, the Court issued its Order dated December 1, 2014 which set forth that "In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in

defendant's motion." (Dkt. No. 18, page 2, lines 5-7.)

A cursory review of the First Amended Complaint shows that Plaintiff has failed to address any of Defendant's contentions and has simply added a few additional unsupported allegations which fail to address the deficiencies identified in Defendant's initial Motion to Dismiss.

As was the case with Plaintiff's original Complaint, virtually all of the facts pled by Plaintiff in her First Amended Complaint continue to reside beyond the scope of her personal knowledge, and the First Amended Complaint lacks any factual basis to support the multiple inferences and assumptions upon which it relies.

As plaintiff, Loveless' first burden is to show that she is entitled to relief via "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2) (2013). This standard set by Rule 8 is more than a mere formality: "A complaint fails to meet this standard if it tenders naked assertion[s] devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

As demonstrated below, Plaintiff's First Amended Complaint is founded entirely on her claims that she received "unsolicited" phone calls from A1 Solar Power, that A1 Solar Power used an automatic telephone dialing machine to make these calls, and that the existence of this automatic telephone dialing machine is "proven" because Plaintiff was "... greeted by 'dead air' on several occasions prior to Defendant's representative joining the calls to Plaintiff." (Dkt. 21, page 4, lines 25-26). Plaintiff's First Amended Complaint supplements this unsupported allegation with the additional fanciful statement that, "Had Defendant manually dialed the telephone calls at issue, Plaintiff would not have been greeted by "dead air" on several occasions." (Dkt. 21, page 5, lines 1-2).

Based on the above, Plaintiff concludes that A1 Solar Power must be guilty of

using an automatic dialing system to place hundreds of thousands of illegal calls, not only to her but also to the residential phones of those individuals representing the members of her putative class.

Plaintiff sets forth no factual bases for these obviously speculative allegations. She demonstrates no basis to know whom, if anyone, A1 Solar Power called, nor whether the calls to those parties (excluding herself) were truly unsolicited. Plaintiff likewise has not demonstrated any factual basis for her conclusion that A1 Solar Power used an automatic telephone dialing system to place calls. In short, Plaintiff's First Amended Complaint, in exactly the same way as was her Complaint, is woefully short on specific factual allegations that could establish her right to relief. See *Iqbal*, 556 U.S. at 677 78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 56 (2007).

Because Plaintiff's First Amended Complaint contains no facts other than skeletal assertions that A1 Solar Power made unsolicited calls to her, her First Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

In addition to dismissing Plaintiff's First Amended Complaint, the Court should also strike Plaintiff's class definition from the First Amended Complaint. The class that Plaintiff proposes to certify continues to be defined as only those individuals who can ultimately establish that A1 Solar Power violated the TCPA. Plaintiff has made *no attempt* to address this deficiency first identified in the Defendant's original Motion to Dismiss.

Again, this is the very definition of a prohibited "failsafe" class; i.e., a class in which membership impermissibly turns on whether or not an individual can establish the legal elements of a valid claim. Accepting this definition would require the Court to address central issues of liability involved in the case and to engage in a premature merits evaluation simply to determine who is or is not in the class.

In the alternative, in light of the lack of factual allegations in the First Amended Complaint and Plaintiff's failsafe class definition, Plaintiff should be required to plead a more definite statement regarding the basis of her claims for relief.

## II.  BACKGROUND FACTS

On December 15, 2014, Plaintiff filed her First Amended Complaint in this action. (Dkt. No. 21.) Ten pages in length, the First Amended Complaint is exactly the same length as the original Complaint. (Dkt. No. 1.) The following is the entirety of the additional factual allegations pled in the First Amended Complaint, when compared to the original Complaint:

- "Defendant placed said telephone calls at issue herein without human intervention." (Dkt. No. 21 at page 4, lines 27-28.)
- "Had Defendant manually dialed the telephone calls at issue, Plaintiff would not have been greeted by 'dead air' on several occasions." (Id. at page 5, lines 1-2.)

Needless to say, Plaintiff has simply ignored the Court's Order of December 1, 2014 and has made no attempt to "…evaluate the contentions set forth in defendant's [original] motion," by pleading additional specific facts necessary for relief as set forth in the *Iqbal*, 556 U.S. at 677 78 and *Twombly*, 550 U.S. 544, 555 56 decisions.

## III.  LEGAL STANDARDS

### A.  Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

A plaintiff's claim must be plausible to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Iqbal*, 556 U.S. at 678 79. When the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not show[n] that the pleader is

5

Motion to Dismiss First Amended Complaint

entitled to relief." Id. at 679 (internal citation and quotations omitted). Although a complaint challenged by a motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters that are properly judicially noticeable, and other extrinsic documents if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

### B. Standard on a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent" matter includes "statements that do not pertain, and are not necessary, to the issues in question." Id. Further, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989 90 (N. D. Cal. 2009); see also Fed. R. Civ. P. 23(d)(1)(D).

### C. Standard on a Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).

Federal Rule of Civil Procedure 12(e) states that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

6

Motion to Dismiss First Amended Complaint

which is so vague or ambiguous that the party cannot reasonably prepare a response." A more definite statement is appropriate where: (1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer; (2) the defendant lacks certain information peculiarly within the knowledge of the plaintiff, without which the defendant cannot answer the complaint with a good faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery. *Lasky v. Camden Cnty.*, Civ. No. 09 4338 (RBK/KMW), 2010 WL 323220, *2 (D.N.J. Jan. 20, 2010) (quotation omitted).

## IV. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO PLEAD A CAUSE OF ACTION UNDER THE TCPA.

"The three elements of a TCPA claim are: (1) the defendant called a residential telephone number; (2) using an automatic telephone dialing system ["ATDS"]; (3) without the recipient's prior express consent." *Emanuel v. L.A. Lakers, Inc.*, No. CV 12 9936 GW (SHx), 2013 WL 1719035, at *2 (Apr. 18, 2013) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)); *Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09 12262, 2010 U.S. Dist. LEXIS 64111, at *19 (E.D. Mich. June 29, 2010) (citation omitted). Here, Plaintiff's First Amended Complaint fails to factually establish Defendant's use of an ATDS; therefore, Plaintiff fails to assert an actionable claim for relief under the TCPA, and the First Amended Complaint must be dismissed.

### A. Plaintiff Failed to Plead Sufficient Facts Regarding A1 Solar Power's Alleged Use of an ATDS.

Plaintiff cannot state a claim under the TCPA without first providing supported factual allegations that she received unsolicited phone calls from an ATDS. 47 U.S.C. § 227(b)(1)(A). An ATDS "means equipment which has the

capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. at §277(a)(1); see also *Dominguez v. Yahoo!, Inc.*, F. Supp. 2d, 2014 WL 1096051, *5 (E.D. Pa. Mar 20, 2014) (defining a sequential number generator as a device that can dial "(111) 111 1111, (111) 111 1112, and so on"). A bare recitation that a defendant used an ATDS will not overcome dismissal without supporting facts demonstrating that an ATDS was used. See *Twombly*, 550 U.S. at 555, 570; *Knutson v. Reply!, Inc.*, No. 10 CV 1267 BEN (WMc), 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing complaint that provided only bare allegation that calls were sent by automatic system).

      The First Amended Complaint relies on such a bare recitation. In fact, every element of Plaintiff's claim that A1 Solar Power placed hundreds of thousands of unsolicited, autodialed calls to residential phones continues to rely on speculation, inference and/or assumption rather than fact. Plaintiff has failed to plead any additional *facts* as the Court ordered.

      Plaintiff is assuming, but does not know, for example, that A1 Solar Power made "hundreds of thousands" of calls to owners of residential phone numbers who now comprise her putative class. Other than herself, Plaintiff fails to identify a single person in her First Amended Complaint who received similar calls under similar circumstances from the Defendant.

      More critically, Plaintiff is simply guessing that these purported calls were made using an automatic telephone dialing system with the capacity to store or produce numbers and dial those numbers at random, in sequential order or from a database of numbers. (Id. page 5, lines 3-4.) Plaintiff's allegation here is too conclusory to be presumed true, based merely on a period of "dead air" she allegedly heard before speaking with a person who allegedly identified himself as a representative of A1 Solar Power. (Id. page 4, lines 24-26.) Plaintiffs purported

"additional facts" are (1) that Defendant placed calls without human intervention – with no facts as to why this would be true and (2) that "dead air" can only occur when an automated dialing system is being used – a logical absurdity. (Id. at pages 4-5, lines 27-2.)

Plaintiff's allegation regarding Defendant's use of an ATDS or random or sequential number generator continue to regurgitates the elements stated in Section 227(a)(1) of the TCPA, offering conjecture rather than facts.

Finally, plaintiff is merely speculating that these "hundreds of thousands" of calls were all "unsolicited" and made without the prior express consent of the called parties. (Id. page 5, lines 20-28.)  For her part, while Plaintiff denies that she consented to receive such calls, she still fails to allege that she never submitted her residential telephone number to third parties with the express consent to receive telephone calls from those third parties or from their business partners.

The recent decision of *Freidman v. Massage Envy Franchising, LLC*, 3:12 cv 02962 L RBB, 2013 WL 3026641 (S.D. Cal. June 13, 2013), although it involved text messages, is instructive. In *Freidman*, two plaintiffs received allegedly "numerous," unsolicited text messages from defendants. 3:12 cv 02962 L RBB, 2013 WL 3026641, at *1 2 (S.D. Cal. June 13, 2013). Plaintiffs alleged that the "texts that they received were placed via an automatic telephone dialing system (ATDS), as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A)" and were "impersonal." Id. at *2 3 (internal quotations omitted). The court dismissed these allegations as "nothing more than a 'formulaic recitation of the elements of a cause of action.'" Id. at *2. Plaintiffs were required, but failed, to plead "additional factual details to show that an ATDS was used." Id. at *3.

As in *Freidman*, the First Amended Complaint does not provide the required details to survive a Motion to Dismiss for Failure to State a Claim. As noted above, Plaintiff claims that Defendant transmitted "... unsolicited advertisements to

9
Motion to Dismiss First Amended Complaint

Plaintiff's residential telephone in a period of months" and that "Defendant used an 'automatic telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1), to place its unsolicited calls to Plaintiff while using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227(b)(1)(A)." Plaintiff additionally asserts that Defendant utilized an ATDS because Plaintiff was "greeted by 'dead air' on several occasions prior to Defendant's representative joining the calls to Plaintiff. ... This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." (Id. at page 4, lines 25-26 and page 5, lines 3-4 and .) These allegations, however, like the allegations in *Friedman* that were dismissed, constitute a mere patchwork recital of the TCPA's provisions, containing no facts whatsoever to demonstrate that Defendant used equipment capable of dialing random or sequential numbers in making its alleged phone calls to Plaintiff.

Further, Plaintiff's speculation as to how many additional, allegedly wrongful telephone calls Defendant may have placed is patently insufficient under *Twombly*. See *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.") Plaintiff's claims regarding the number of potential class members are thus unsupported by fact and are too conclusory to be assumed true. See, e.g., *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 617 (N.D. Ill. 2009) (questioning whether an allegation regarding likely class size was "anything more than a 'naked assertion devoid of further factual enhancements'" (citations omitted)). Plaintiff's receipt of an allegedly unsolicited call or calls, even in combination with her hypothesis about A1 Solar Power's use of an automatic dialing system, is simply insufficient to support her conclusion about the potential class size.

Because Plaintiff's allegations regarding both the number of calls placed by Defendant to residential telephones and Defendant's use of an automatic telephone dialing system in placing such calls are based solely on speculation, without any

10

Motion to Dismiss First Amended Complaint

factual support whatsoever, the First Amended Complaint should be dismissed.

## V. PLAINTIFF'S CLASS DEFINITION MUST BE STRICKEN BECAUSE IT IS AN IMPROPER FAILSAFE CLASS.

A Rule 12(f) motion to strike seeks to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inv. v. Handi Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted); see also Fed. R. Civ. P. 23(d)(1)(D). Particularly here, where the class definition is fatally defective as a matter of law, the motion to strike should be granted so as to avoid the needless expenditure of time and money litigating class allegations.

To begin with, Plaintiff has failed to change her class action allegations in any way. She has simply ignored the Court's Order to "…carefully evaluate the contentions set forth in defendant's motion."

Plaintiff, as in her original Complaint, seeks to represent a putative class "consisting of all persons within the United States who received any telephone call from Defendant or their agents and/or employee/s to said person's residential telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes within the four years prior to the filing of this Complaint." (Dkt. No. 21, page 5, lines 20-25.) This definition exemplifies an improper "failsafe" class.

"Failsafe classes are defined by the merits of their legal claims, and are therefore unascertanable prior to a finding of liability in the plaintiffs' favor." *Velasquez v. HSBC Fin. Corp.*, No. 08 4592 SC, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009); see also *Kamar v. RadioShack Corp.*, 375 Fed. App'x 734, 736 (9th Cir. 2010). The problem with failsafe classes is that in order for a court to determine whether a person is a member of the class, the court has to reach a legal conclusion that the defendant violated the law. *Velasquez*, 2009 WL 112919, at *4. This is

patently unfair to the defendant because "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011).

Recent decisions dismissing failsafe class definitions include *Lindsay Transmission, LLC v. Office Depot, Inc.*, 2013 U.S. Dist. LEXIS 9554, at *11 12 (E.D. Mo. Jan. 24, 2013) (striking class definition in a TCPA case that alleged a failsafe class because a determination of central liability would be required to ascertain the class) and *G.M. Sign, Inc. v. Franklin Bank*, SSB, 2007 U.S. Dist. LEXIS 91512, at *7 (N.D. Ill. Dec. 13, 2007) (rejecting a TCPA class where "the proposed class definition improperly includes a component of a lack of defense, namely proof of express permission or invitation prior to the receipt of the fax advertisement."). Even more relevant to the instant matter is *Sauter v. CVS Pharmacy, Inc.*, No. 2:13 cv846, 2014 WL 1814076 (S.D. Ohio May 7, 2014), in which the court rejected a strikingly similar class definition to Plaintiff's. In *Sauter*, the plaintiff sought to represent a class and two related subclasses of "all persons within the United States who received a non-emergency telephone call from CVS to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls" during the four years prior to filing the complaint. Id. at 8. The putative classes included only people who did not consent to CVS' phone contact (Id. at 3 and 8), but the court ruled that "[b]ecause the TCPA prohibits calls to cellular telephones using [an automatic telephone dialing system]s unless prior express consent has been given, defining the class to include anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class." Id. at 9. In other words, only those people who could show that CVS violated the TCPA would be members of the class. Id. Accordingly, the court granted CVS' motion to strike.

12

Motion to Dismiss First Amended Complaint

Id.

Similarly here, because the purported class definition seeks to include only those people who received an unauthorized residential telephone call from Defendant, the class is an impermissible failsafe class. That is, only those people who could show that A1 Solar Power violated the TCPA by sending them an unauthorized phone call could prevail and be a member of the class.

Plaintiff's proposed class definition also highlights another problem with the First Amended Complaint: It fails to clearly articulate the theory under which Plaintiff is claiming that A1 Solar Power violated the TCPA. Given the scant factual allegations in the First Amended Complaint and the vague nature of Plaintiff's claims, A1 Solar Power cannot ascertain the boundaries of the putative class. Such an amorphous class definition could not survive certification, and the litigation of such a case would be costly and unmanageable. See Fed. R. Civ. Proc. 23.  With no defined boundaries to restrain the class, discovery would be unwieldy at best. Accordingly, A1 Solar Power respectfully requests that the Court exercise its discretion to strike the class definition.

## VI.   IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF HER CLAIMS.

A plaintiff's complaint may survive a motion to dismiss under Rule 12(b)(6) and yet the plaintiff may still be required to provide a more definite statement. See *Lasky*, 2014 WL 2710969, at 3 (noting that in a disability discrimination lawsuit, although the plaintiff stated a claim, a more definite statement was necessary since "[a] general allegation that the parking, access route, bathrooms, and other services at the restaurant are not accessible is too vague to reasonably expect Defendants to prepare a response"). Here, the combination of threadbare allegations and a failsafe class definition renders Plaintiff's First Amended Complaint so vague and ambiguous that A1 Solar Power cannot reasonably prepare a response. A1 Solar

13

Motion to Dismiss First Amended Complaint

Power should not be required to speculate as to which phone calls Plaintiff is attacking beyond those specifically quoted in her First Amended Complaint. Moreover, absent additional detail from Plaintiff properly defining the class, it will be difficult for the Court to make the "litigation more manageable through more controlled discovery." *Lasky*, 2014 WL 2710969.

It should be noted that, procedurally, it is acceptable to attack the support for class allegations at the pleading stage. In a complaint seeking relief under Rule 23, for example, if it is "facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); see *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming dismissal of class claims before any discovery was conducted in the action); *Xavier v. Belfor Grp. USA, Inc.*, 254 F.R.D. 281, 286 (E.D. La. 2008).

## VII. CONCLUSION

For all of the foregoing reasons, Defendant A1 Solar Power, Inc. respectfully requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety, without leave to amend.

Defendant A1 Solar Power, Inc. respectfully further requests that the Court issue an Order striking the class definition included in Paragraph 14 of Plaintiff's First Amended Complaint.

In the alternative, Defendant A1 Solar Power, Inc. respectfully further requests that the Court issue an Order compelling Plaintiff to amend the First Amended Complaint with a more definite statement of the facts upon which its claims under (1) Negligent Violations of the Telephone Consumers Protection Act, 47 U.S.C. § 277 et seq. and (2) Knowing and/or Willful Violations of the Telephone

/ / /

/ / /

14

Motion to Dismiss First Amended Complaint

Consumers Protection Act, 47 U.S.C. § 277 et seq. are based.

Dated: December 29, 2014    DAVID R. SOCHER ATTORNEY AT LAW, PC

By:     /s/ David R. Socher
David R. Socher, Esq.
Attorney for Defendant, A1 SOLAR POWER. INC.