# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARILYNN LOVELESS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

A1 SOLAR POWER, INC.,

    Defendant.

Case No. ED CV 14-1779 FMO (DTBx)

**ORDER**

Having reviewed and considered all the briefing filed with respect to defendant A1 Solar Power, Inc.'s ("defendant" or "A1"), Motion to Dismiss First Amended Complaint for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)), Motion to Strike (Fed. R. Civ. P. 12(f)) and Motion for a More Definite Statement (Fed. R. Civ. P. 12(e)) ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On August 28, 2014, plaintiff Marilynn Loveless ("plaintiff" or "Loveless"), filed a complaint, individually and on behalf of a proposed class, against A1, asserting claims for negligent and intentional violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"). (See Complaint at ¶¶ 25-32). On December 29, 2014, after the court dismissed the complaint for failure to state a claim, (see Court's Order of December 1, 2014), plaintiff filed the operative First Amended Complaint ("FAC"), asserting the same claims against A1. (See FAC at ¶¶ 38-45). Plaintiff alleges that beginning in May 2014, A1 contacted her on her "residential

telephone number, in an effort to solicit [her] business[,]" (FAC at ¶ 15), and that A1 "placed more than one unsolicited advertisements [sic] to Plaintiff's residential telephone in a period of months." (Id. at ¶ 16). Plaintiff avers that A1 "used an 'automatic telephone dialing system' ["ATDS"] as defined by 47 U.S.C. § 227(a)(1)" to place the calls while "using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227(b)(1)(A)[,]" (id. at ¶ 17), and "without human intervention." (Id. at ¶ 18). Plaintiff alleges that A1 "utilized an ATDS because [she] was greeted by 'dead air' on several occasions prior to Defendant's representative joining the calls to Plaintiff." (Id.; see also id. at ¶ 19). Plaintiff further alleges that she never "enter[ed] into a business relationship with Defendant[,]" (id. at ¶ 13), never "contact[ed] Defendant at any time or provide[d] Defendant with [her] residential telephone number[,]" (id. at ¶ 14), and did not provide "prior express consent[.]" (Id. at ¶ 33).

According to plaintiff, A1's "calls were placed to [a] telephone number assigned to a residential telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)." (FAC at ¶ 23). Plaintiff and the putative class were harmed by A1's calls because they "incur[red] certain telephone charges or reduce[d] telephone time for which Plaintiff and the [putative c]lass members previously paid," and their privacy was invaded. (See id. at ¶ 29). Plaintiff's "suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the [c]lass[.]"[1] (Id. at ¶ 30).

Plaintiff seeks to represent a class comprised of "all persons within the United States who received any telephone call from Defendant or their [sic] agent/s and/or employee/s to said person's residential telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes within the four years prior to the filing of this Complaint." (FAC at ¶ 27).

**LEGAL STANDARD**

I.  MOTION TO DISMISS.

---

[1] Based on the remaining allegations and prayer for relief, it appears that the FAC seeks only statutory damages and injunctive relief. (See FAC at ¶¶ 40-41, 44-45, and Prayer for Relief).

2

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal, 550 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## II. MOTION TO STRIKE.

Under Rule 12(f) of the Federal Rules of Civil Procedure,[2] "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An allegation is "redundant" if it is "needlessly repetitive or wholly foreign to the issues involved in the action." Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) (internal quotation marks omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation marks omitted). "Scandalous" allegations include those "that cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Whittlestone Inc v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

## III. MOTION FOR A MORE DEFINITE STATEMENT.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## **DISCUSSION**

## I. MOTION TO DISMISS.

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an [ATDS]; without the recipient's prior express consent." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012), cert. denied, 133 S.Ct. 2361 (2013). A1 contends that the FAC should be dismissed because it fails to adequately plead that A1 used an ATDS. (See Motion at 7-11).

---

[2] All further "Rule" references are to the Federal Rules of Civil Procedure.

4

An ATDS is defined as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1). The term has been defined to include predictive dialers, which is "equipment that dials numbers, and when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." Hernandez v. Collection Bureau of America, Ltd., 2014 WL 4922379 *2, n.1 (C.D. Cal. 2014) (quoting In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Dkt. No. 02-278, 18 FCC Rcd. 14014, 14091 (2003)).

Here, plaintiff alleges that A1 "used an 'automatic telephone dialing system' as defined by 47 U.S.C. § 227(a)(1)" to place the calls while "using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227(b)(1)(A)[,]" (FAC at ¶ 17) and "without human intervention." (Id. at ¶ 18). Plaintiff further alleges that A1 used an "ATDS because Plaintiff was greeted by 'dead air' on several occasions prior to Defendant's representative joining the calls to Plaintiff." (Id.; see also id. at ¶ 19 ("Had Defendant manually dialed the telephone calls at issue, Plaintiff would not have been greeted by 'dead air' on several occasions.")).

Like other courts, this court recognizes "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery," Harnish v. Frankly Co., 2015 WL 1064442, *3 (N.D. Cal. 2015) (internal quotation marks omitted); see also Knutson v. Reply!, Inc., 2011 WL 1447756, *1 (S.D. Cal. 2011) (same), and therefore finds these allegations, particularly the allegations regarding the "dead air" plaintiff experienced with respect to several calls, sufficient to survive a motion to dismiss. Such allegations are sufficient to "raise a reasonable expectation that discovery will reveal evidence of" the use of an ATDS. See Twombly, 550 U.S. at 556, 127 S.Ct. at 1965 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]"); Knutson, 2011 WL 1447756, at *1 (same).

II. MOTION TO STRIKE.

A1 seeks to have the class action allegations stricken from the FAC. (See Motion at 11-13).

Under the circumstances, the court finds that resolution of this issue is best resolved in connection with a motion for class certification. See Haghayeghi v. Guess?, Inc., 2015 WL 1345302, *6 (S.D. Cal. 2015) (deferring resolution of the issue to the class certification stage).

III.   MOTION FOR A MORE DEFINITE STATEMENT.

The court finds that the allegations in the FAC apprise A1 of the substance of the TCPA claim, and therefore denies the motion for a more definite statement. See Haghayeghi, 2015 WL 1345302, at *6 ("Courts will grant a Rule 12(e) motion only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.") (internal quotation marks omitted); Robbins v. Coca-Cola-Company, 2013 WL 2252646, * 4 (S.D. Cal. 2013) (denying motion for more definite statement in a TCPA case).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss First Amended Complaint For Failure to State a Claim, Motion to Strike, and for a More Definite Statement **(Document No. 22)** are **denied**.

2. Defendant shall file its Answer to the FAC no later than **July 31, 2015.**

Dated this 23rd day of July, 2015.

/s/
Fernando M. Olguin
United States District Judge

6