David R. Socher (Bar No. 158023)
DAVID R. SOCHER ATTORNEY AT LAW, PC
3443 Golden Gate Way, Suite F
Lafayette, California 94549
Telephone: (925) 962-9191
Facsimile: (925) 962-9199
Email: david@drsocher.com

Attorney for Defendant, A1 SOLAR POWER, INC.

JEFFREY M. COHON, ESQ. (CSBN 131431)
HENRY NICHOLLS, ESQ. (CSBN 126129)
**COHON & POLLAK, LLP**
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
Tel: 310/231-4470
Fax: 310/231-4610

Attorneys for Defendant, A1 SOLAR POWER, INC.

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYNN LOVELESS, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>A1 SOLAR POWER, INC.,<br><br>Defendant. | Case No. 5:14-cv-01779 FMO (DTBx)<br><br>**A1 SOLAR POWER, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant A1 SOLAR POWER, INC. ("A1 Solar"), in answering the First Amended Class Action Complaint for Damages (Doc. #21) (the "Complaint" or "FAC") filed by Plaintiff MARILYNN LOVELESS ("Loveless"), individually and on behalf of all others similar situated (collectively "Plaintiff"), admit, deny, and allege as follows:

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

1. Paragraph 1 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 1.

2. Paragraph 2 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 2.

3. Paragraph 3 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 3.

4. Paragraph 4 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 4.

5. Paragraph 5 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 5.

6. A1 Solar admits that there is original question jurisdiction over TCPA claims. However, while A1 Solar recognizes that Plaintiff alleges there are TCPA violations, so as to invoke that jurisdiction, A1 Solar denies that it has violated the TCPA.

7. A1 Solar denies the allegations in Paragraph 7.

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

8. Responding to the allegations in paragraph 8, A1 Solar does not contest personal jurisdiction in this matter.

9. Responding to the allegations in paragraph 9, A1 Solar does not contest that venue is proper in this Court.

10. A1 Solar is without knowledge as to the residence of Plaintiff, as alleged in paragraph 10.

11. A1 Solar is a solar contractor specializing in the sale for installation of solar equipment. The remaining portion of paragraph 11 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar.

12. A1 Solar is a solar contractor specializing in the sale for installation of solar equipment.

13. Paragraph 13 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 13.

14. A1 Solar is without knowledge as to whether Plaintiff contacted A1 Solar or provided A1 Solar with her residential telephone number, as alleged in paragraph 14.

15. A1 Solar is without knowledge as to whether Plaintiff was contacted by A1 Solar, as alleged in paragraph 15.

16. A1 Solar is without knowledge as to whether Plaintiff was contacted by A1 Solar, as alleged in paragraph 16.

17. Paragraph 17 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 17.

18. A1 Solar denies the allegations in Paragraph 18.

19. Paragraph 19 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 19.

20. Paragraph 20 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 20.

21. Paragraph 21 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 21.

22. Paragraph 22 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 22.

23. Paragraph 23 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 23.

24. Paragraph 24 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 24.

25. Paragraph 25 asserts legal conclusions and does not make factual allegations within the knowledge of Plaintiff, and thus requires no response from A1 Solar. To the extent a response is required, A1 Solar denies the allegations in paragraph 25.

26. Responding to the allegations in paragraph 26, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 26.

27. Responding to the allegations in paragraph 27, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 27.

28. Responding to the allegations in paragraph 28, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 28.

29. Responding to the allegations in paragraph 29, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 29.

30. Responding to the allegations in paragraph 30, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here.

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

appropriate here. A1 Solar denies the remaining allegations in paragraph 30.

31. Responding to the allegations in paragraph 31, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 31.

32. Responding to the allegations in paragraph 32, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 32.

33. Responding to the allegations in paragraph 33, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 33.

34. Responding to the allegations in paragraph 34, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 34.

35. Responding to the allegations in paragraph 35, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 35.

36. Responding to the allegations in paragraph 36, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 36.

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

37. Responding to the allegations in paragraph 37, A1 Solar admits that this Complaint is an attempt by Plaintiff to bring an action on behalf of herself and on behalf of all others similarly situated. A1 Solar denies that certification would be appropriate here. A1 Solar denies the remaining allegations in paragraph 37.

38. A1 Solar incorporates by reference all of the above answers as though fully stated herein.

39. Paragraph 39 contains legal conclusions and not factual allegations, and thus no response is required. A1 denies the remaining allegations in paragraph 39.

40. Paragraph 40 contains legal conclusions and not factual allegations, and thus no response is required. A1 denies the remaining allegations in paragraph 40.

41. Paragraph 41 contains legal conclusions and not factual allegations, and thus no response is required. A1 denies the remaining allegations in paragraph 41.

42. A1 Solar incorporates by reference all of the above answers as though fully stated herein.

43. Paragraph 43 contains legal conclusions and not factual allegations, and thus no response is required. A1 denies the remaining allegations in paragraph 43.

44. Paragraph 44 contains legal conclusions and not factual allegations, and thus no response is required. A1 denies the remaining allegations in paragraph 44.

45. Paragraph 45 contains legal conclusions and not factual allegations, and thus no response is required. A1 denies the remaining allegations in paragraph 45.

## AFFIRMATIVE DEFENSES

In way of further response, A1 Solar alleges the following affirmative defenses to the allegations and claims in the FAC. A1 Solar reserves its right to amend its Answer to assert other defenses as they may become known. By setting forth any particular defense below, A1 Solar does not allege or admit that it has the

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof and/or persuasion as to any matters to which Plaintiff bears such a burden.

**First Affirmative Defense**

The FAC fails to state facts sufficient to state a cause of action against A1 Solar.

**Second Affirmative Defense**

Plaintiff lacks standing to assert the claims alleged in the FAC.

**Third Affirmative Defense**

A1 Solar alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the FAC.

**Fourth Affirmative Defense**

Plaintiff provided prior express consent to the caller to receive the calls about which she complains.

**Fifth Affirmative Defense**

To the extent Plaintiff has suffered any legally-cognizable damages, which A1 Solar specifically denies, her claims are barred because any damages were caused by the actions or omissions of persons or entities other than A1 Solar, and for which A1 Solar is not responsible, and were not caused by any act or omission on the part of A1 Solar.

**Sixth Affirmative Defense**

A1 Solar did not "benefit" from any telemarketing, as that term is contemplated by the Telephone Consumer Protection Act.

/ / /

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

**Seventh Affirmative Defense**

No relief may be obtained by Plaintiff by reason of the doctrine of unclean hands.

**Eighth Affirmative Defense**

Plaintiff is not entitled to any relief because A1 Solar's conduct did not proximately cause any damages, injury or loss to plaintiff.

**Ninth Affirmative Defense**

Granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than would be just for Plaintiff to receive.

**Tenth Affirmative Defense**

At the times and places, and under the circumstances alleged, the damages to Plaintiff, if any, were caused solely by the acts or omissions of one or more third persons over whom A1 Solar had no control, and for which A1 Solar is not responsible or liable to Plaintiff. No entity acted "on behalf of" A1 Solar in calling Plaintiff.

**Eleventh Affirmative Defense**

A1 Solar alleges that the losses or damages, if any, of which Plaintiff complains were directly, proximately and entirely caused and contributed to by the negligence, culpable conductor fault of others, whether or not named as parties to this action. If Plaintiff is entitled to recover from A1 Solar at all for damages (which is denied), such recovery is diminished to the extent the damages alleged in the FAC and any and all subsequent amendments and/or supplements thereto are attributable to the negligence, culpable conduct or fault of others.

**Twelfth Affirmative Defense**

A1 Solar is informed and believes, and on that basis alleges, that to the extent

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

plaintiff has suffered any damages as a result of any alleged activities of A1 Solar (which A1 Solar denies), Plaintiff's damages are attributable, in whole or in part, to his own conduct in failing to take action to mitigate or minimize such purported damages, as required by law.

**Thirteenth Affirmative Defense**

Plaintiff's claims should be dismissed to the extent they are barred by the doctrine of laches.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

**Fifteenth Affirmative Defense**

A1 Solar alleges that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against A1 Solar respecting the matters that are the subject of the FAC.

**Sixteenth Affirmative Defense**

The damages Plaintiff seeks against A1 Solar violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred because she has failed to join necessary and indispensable parties in this action.

**Eighteenth Affirmative Defense**

Plaintiffs' claims against A1 Solar are barred because the calls about which she complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on A1 Solar for such

calls would violate its First Amendment rights.

**Nineteenth Affirmative Defense**

Plaintiff's claim for trebled damages is barred because A1 Solar did not engage in willful and/or knowing misconduct.

**Twentieth Affirmative Defense**

Class certification is not proper here, and thus Plaintiff's claims on behalf of others are not valid.

WHEREFORE, Defendant A1 SOLAR POWER, INC., respectfully requests that the Court enter judgment providing:

A. Plaintiff take nothing by way of the First Amended Complaint;

B. Plaintiff's First Amended Complaint be dismissed with prejudice;

C. A1 Solar be awarded all of its attorneys' fees, costs, and expenses; and

D. A1 Solar be awarded such other and further relief as the Court may deem just and proper.

Dated: August 1, 2015

DAVID R. SOCHER ATTORNEY AT LAW, PC

By: /s/ David R. Socher
David R. Socher, Esq.
Attorney for Defendant, A1 SOLAR POWER. INC.

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

DAVID R. SOCHER ATTORNEY AT LAW
3443 GOLDEN GATE WAY, SUITE F
LAFAYETTE, CALIFORNIA 94549

Dated: August 1, 2015

COHON & POLLAK, LLP

By: /s/ Henry Nicholls
Jeffrey M. Cohon, Esq.
Henry Nicholls, Esq.
Attorney for Defendant, A1 SOLAR POWER. INC.